

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| KENNETH R. GORDON, | ) CASE NO. 07-36315-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Motion to Vacate Order to Sell Real Property as Is, Where Is [Docket No 32]" (Docket No. 34). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Kenneth R. Gordon ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 13, 2007. William G. West ("Trustee") is the Chapter 13 Trustee.

Prior to the filing of the petition in the instant case, Debtor was divorced from Jacqueline Johnson. The divorce decree, entered June 13, 2006, provided, with respect to real property located at 4702 Wild Horse Ct., Missouri City, Texas (the "Property"), that the property was to be listed for sale

with a realtor, and then sold. Pending sale, Johnson was permitted to use the Property. Johnson was directed to make all payments of principal, interest, taxes, and insurance. Debtor was directed to pay 50% of the ad valorem taxes on the property, and 50% of the cost of any major repairs necessary for sale of the property and recommended by the realtor. Additionally, the decree provided for Debtor to reimburse Johnson $970.69 per month, representing half of an arrearage for ad valorem taxes. Debtor was responsible for paying 50% of the monthly homeowners insurance premium. The divorce decree provided for net proceeds of sale of the property to be paid $81,200 to Johnson, (less $1,370.94 for several bills) for her separate property, $21,700 to Debtor for his separate property, and the remainder to be divided 50% to Debtor and 50% to Johnson. (Trustee's Exhibit 3).

In Debtor's schedule A, he scheduled an equitable interest in the Property. He asserted in his schedule A that the value of his interest in the Property was $544,000, and that the Property was encumbered by a secured claim in the amount of $352,122. (Docket No. 1, at p. 8). Debtor did not claim the Property as exempt.

On December 3, 2008, Trustee moved to sell the estate's interest in the Property to Johnson for $2,000. In the motion, Trustee recited that he believed the offer was fair, "in light of the Property's fair market value, the interest awarded to Ms.

Johnson in the Final Decree of Divorce and division of assets, as well as the Estate's portion of the security interest, sums due for unpaid real estate taxes, and the estimated costs to repair the Property for damage sustained as a result of Hurricane Ike, the Trustee believes selling the Property on the open market will result in no equity to the Estate." (Docket No. 31, at p. 2).

On December 3, 2008, Trustee's counsel served the motion to sell on Debtor, by First Class U.S. mail addressed to Debtor's home address, and on Debtor's counsel, by electronic mail. Debtor testified that he received the motion to sell. Debtor did not file a response to Trustee's motion to sell.

On December 30, 2008, the court entered an order granting Trustee's motion to sell. (Docket No. 32).

In the instant motion, Debtor seeks vacatur of the order approving the sale of the estate's interest in the Property to Johnson. Debtor asserts that he was unaware he could lose his interest in the Property. He asserts that he is willing to pay $4,000 for the estate's interest in the Property.

The instant motion is opposed by Trustee and by Johnson. Trustee argues that Johnson held claims against the estate for sums owed by Debtor under the divorce decree. Trustee asserts that Johnson released her claims against the estate in connection with the sale of the Property. (Docket No. 35). Johnson opposes the motion on grounds Debtor has not provided

3

"any additional facts, legal arguments, or case law" that show that the order approving the sale was entered in error. (Docket No. 39).

At the hearing on the instant motion, Trustee testified that he believes the value of the Property is approximately $430,000. He testified that he believes the market value for real property has declined in the Houston area. He testified that the property needs substantial repairs as a result of damage sustained in Hurricane Ike.

Trustee testified that he first became aware that Debtor wanted to make an offer to purchase the Property approximately one week after the order was entered approving the sale to Johnson. He testified that the divorce between Debtor and Johnson was contentious, and that litigation remains pending in the divorce court between Debtor and Johnson regarding their compliance with the terms of the divorce decree.

Debtor testified that he believes that the court should consider the circumstances of his divorce, including the extent of his and Johnson's compliance with terms of a pre-divorce mediated settlement agreement between Debtor and Johnson, in determining whether to vacate the order approving the sale of the Property to Johnson. The divorce decree provides in part: "To the extent there exist any differences between the mediation agreement and this Final Decree of Divorce, this Final Decree of

4

Divorce shall control in all instances.  (Trustee Exhibit 3, at p. 2).

In his testimony, Debtor demonstrated that he has substantial understanding of the legal process, and of the matters in contention in this court and in the divorce court.

## Conclusions of Law

FRCP 59, as made applicable by BR 9023, provides in pertinent part:

> (a)(1) The court may, on motion, grant a new trial on all or some of the issues-and to any party-as follows:
>
> * * *
>
> (B)  after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> * * *
>
> (e)  A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

FRCP 59.

FRCP 60(b), as made applicable by BR 9024, governs relief from judgment.  FRCP 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FRCP 60(b).

The movant seeking relief from an order pursuant to Bankruptcy Rule 9024 bears the burden of proof. In re Wheeler, 323 B.R. 758 (Bankr. W.D. Wash. 2005); See also, Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389 (5th Cir. 2001)(movant under Rule 60 bears the burden of proof).

A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem, Inc., 367 F.3d 473 (5th Cir. 2004).

The appearance of a "better offer," standing alone, does not constitute grounds for reconsidering a sale order under BR 9023 or 9024. See In re Quanalyze Oil & Gas Corp., 250 B.R. 83 (Bankr. W.D. Tex. 2000).[1]

---

[1] This court's ruling does not preclude an argument that the existence of a higher offer may constitute "newly discovered evidence." That question is not presented in the instant case.

In the instant case, although Debtor was timely served, he did not file a response opposing the motion to sell. Both he and his attorney were properly served. There is nothing to suggest that he was unaware of any grounds he might have had to oppose the motion. Rather, after the ruling on Trustee's motion to sell, Debtor simply offers $2,000 more than the sale price accepted by the Trustee. Debtor had ample opportunity to oppose the sale when Trustee moved for its approval. Debtor is knowledgeable, and is represented by very experienced counsel in this case. The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Vacate Order to Sell Real Property as Is, Where Is [Docket No 32]" (Docket No. 34).

Signed at Houston, Texas on February 27, 2009.

*[signature]*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE